IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MALFATTI,<br><br>  Plaintiff,<br><br>  v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATIONS SYSTEMS, INC. and<br>BAC HOME LOANS SERVICING, LP,<br><br>  Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 11-03142 WHA<br><br>**ORDER GRANTING<br>IN PART DEFENDANTS'<br>MOTION TO DISMISS AND<br>VACATING HEARING** |

### INTRODUCTION

In this action for cancellation of deeds, defendants move to dismiss for failure to state a claim. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

Plaintiff Anthony Malfatti signed two deeds of trust for property located in Oakland in June 2007. Plaintiff signed a deed of trust for property located in Richmond in March 2008. Defendant MERS was listed as a beneficiary and a nominee on all three deeds. Shortly after each deed was recorded, defendant BAC Home Loans Servicing "represented to plaintiff that it would be the company to whom plaintiff should make his payments on the above mortgage loans" (Compl. ¶¶ 7, 19, 21, 25).

In the spring of 2011, "plaintiff began hearing reports in the media of the serious problems of fraud within the mortgage industry, and decided to investigate his own mortgages."

1  In February 2011, plaintiff sent a letter to BAC requesting a summary of his mortgage payments.
2  Plaintiff did not receive any information from BAC in response. Plaintiff now alleges that
3  "BAC has not been sending any of plaintiff's payments to any actual creditor/owner of the
4  mortgage," and that BAC wrongfully collected $59,495 in mortgage payments from plaintiff
5  (*id.* at ¶¶ 30–33).

6  That same month, "plaintiff sent a notice rescinding any authorization plaintiff may
7  have given for MERS to continue acting as any 'nominee' on the deed of trust, and requesting
8  that MERS cancel the deed of trust containing its name as 'nominee.' To date, defendant
9  MERS has failed/refused to cancel the document" (*id.* at ¶¶ 15).

10  Plaintiff, who proceeds *pro se*, commenced the present action in June 2011.
11  Plaintiff seeks cancellation of all three deeds of trust. His complaint also alleges unjust
12  enrichment and constructive trust against defendant BAC. All defendants now move to
13  dismiss for failure to state a claim. Plaintiff filed an opposition to this motion in August 2011
14  (Dkt. No. 17). No reply has been filed by defendants.

**ANALYSIS**

16  To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17  accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*,
18  556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are
19  sufficient factual allegations to draw a reasonable inference that a defendant is liable for the
20  misconduct alleged. While a court "must take all of the factual allegations in the complaint
21  as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."
22  *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
23  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a
24  motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136,
25  1140 (9th Cir. 1996) (citation omitted).

26  **1. REQUEST FOR JUDICIAL NOTICE.**

27  Defendants request that judicial notice be taken of several items. A judicially noticed
28  fact must be one not generally subject to reasonable dispute that is either generally known within

1 this territorial jurisdiction or is capable of accurate and ready determination by resort to sources
2 whose accuracy cannot reasonably be questioned. FRE 201(b).

3 Defendants request that judicial notice be taken of: (1) a deed of trust, recorded with the
4 Alameda County Recorder's Office on July 14, 2005 as document number 2005300330; (2) an
5 open end deed of trust, recorded with the Alameda County Recorder's Office on August 26,
6 2005 as document number 2005368611; (3) a deed of trust, recorded with the Alameda County
7 Recorder's Office on December 20, 2007 as document number 2007426322; (4) a deed of trust
8 and assignment of rents, recorded with the Alameda County Recorder's Office on December 20,
9 2007 as document number 2007426323; and (5) a deed of trust, recorded with the Contra Costa
10 County Recorder's Office on April 1, 2008 as document number 2008-0069259-00. The first
11 two deeds are not at issue in the present action. Accordingly, defendants' request for judicial
12 notice as to these two documents is **DENIED**. The other three deeds are relevant to the present
13 action as plaintiff seeks to cancel these documents and defendant MERS is listed as a beneficiary
14 and nominee on all three. They are also matters of public record, thus are not subject to
15 reasonable dispute and are capable of accurate and ready determination. Defendants' request
16 for judicial notice as to documents three, four, and five is **GRANTED**.

17 **2. CANCELLATION OF INSTRUMENTS.**

18 Plaintiff seeks cancellation of the three deeds of trust — two deeds for the Oakland
19 property and one deed for the Richmond property. On each of these deeds, MERS is listed as a
20 beneficiary and a nominee for the lender (RJN Exh. C–E). Plaintiff argues that after he secured
21 the mortgages the lender assigned them to another party, but that "there was no recording of any
22 assignment of the mortgage to anyone else." He further alleges that "MERS is an organization
23 which purports to act solely and exclusively as a 'nominee' for lenders, and successors/assigns
24 of lenders, who are members of MERS." Plaintiff alleges that the "current assignee/transferee
25 of the mortgage is not a member of MERS" (Compl. ¶¶ 9, 11-12).

26 Plaintiff argues that he has been injured because the "the continuing inclusion of
27 [MERS's] name on the deed of trust is a false statement in the county record" that "is clouding
28 title to the property, impairing its market value." Further, plaintiff argues that he "has no remedy

3

at law for addressing this situation, and therefore seeks cancellation of the document" (*id.* at ¶¶ 17–18).

Plaintiff fails to show the necessity of cancelling the deeds. "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or cancelled." Cal. Civ. Code § 3412. Plaintiff fails to explain how he will be caused serious injury if the deeds are not cancelled, or how having MERS listed on his deeds damaged his property value. Plaintiff thus fails to state a plausible claim for cancellation of the deeds, and accordingly defendants' motion to dismiss plaintiff's first three claims is **GRANTED**.

### 3. CONSTRUCTIVE TRUST AND UNJUST ENRICHMENT.

Plaintiff also alleges constructive trust and unjust enrichment against defendant BAC. Each claim is considered in turn.

#### A. Constructive Trust.

Plaintiff's fourth claim for relief is partially for constructive trust. "A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner." It is an equitable remedy to prevent unjust enrichment. *Burlesci v. Peterson*, 68 Cal. App. 4th 1062, 1069 (1998). As a constructive trust is a remedy, it is not a claim for relief in itself. Accordingly, defendants' motion to dismiss the claim for constructive trust is **GRANTED**.

#### B. Unjust Enrichment.

Plaintiff argues that BAC was unjustly enriched by wrongly accepting his mortgage payments. Unjust enrichment is the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). Defendant argues that BAC "is a subsidiary of Bank of America and is *servicing* the subject loans" (Br. 9) (emphasis in original).

Plaintiff, however, alleges that he made $59,495 in mortgage payments to BAC. Plaintiff now alleges that BAC was never authorized to receive his payments and unjustly

4

1 retained this benefit. Plaintiff has pled sufficient facts to state a plausible claim for unjust
2 enrichment. As such, defendants' motion to dismiss this claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss all three of plaintiff's cancellation of instrument claims and the constructive trust claim is **GRANTED**. Defendants' motion to dismiss the unjust enrichment claim is **DENIED**. Plaintiff may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must append to his motion a proposed amended complaint that clearly explains how the amendments cure the defects identified herein. Defendants' request for judicial notice is **GRANTED IN PART**. The hearing scheduled for December 8, 2011 is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE